# Order

**Michigan Supreme Court**
**Lansing, Michigan**

March 28, 2008

132315

PULTE LAND COMPANY, L.L.C., and
MARGARET BRECHTING,
          Plaintiffs-Appellees,
v

ALPINE TOWNSHIP,
          Defendant,
and

CHRIS BRECHTING,
          Intervening Defendant-Appellant.
_____/

SC: 132315
COA: 259759
Kent CC: 02-008377-CZ

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

On order of the Court, the application for leave to appeal the September 12, 2006 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

WEAVER and KELLY, JJ., would grant leave to appeal.

MARKMAN, J., dissents and states as follows:

I would grant leave to appeal to consider whether there was a "taking" of property here and, if not, whether a zoning referendum is properly reversed by a consent judgment entered without the involvement of the local zoning commission.

Plaintiffs Margaret Brechting and Pulte Land Company entered into a purchase agreement for property contingent on securing zoning for residential development. Pulte applied to rezone the property, and the township approved. However, a referendum to defeat the rezoning was successful. Pulte then applied for a variance, which was denied, and subsequently brought suit against the township.

The trial court approved a partial consent judgment in which the township agreed not to oppose the relief sought by plaintiffs. The court ruled that the agricultural zoning classification of the property constituted a "taking" and ordered a rezoning to residential development. The Court of Appeals, in an unpublished opinion per curiam, issued September 12, 2006 (Docket No. 259759), affirmed, but remanded for the trial court to

enjoin zoning enforcement rather than order rezoning. Judge Schuette in a concurrence raised concerns about the constitutionality of employing a consent judgment to override the results of a referendum.

First, I would further consider whether the current zoning classification constitutes a "taking." Although plaintiff Brechting received no offers from farmers to purchase the land, she never offered it for sale at the market price for its classification. In addition, Pulte agreed to the removal of the rezoning contingency from the purchase agreement with knowledge of its current zoning status. In fact, Pulte signed the amended purchase agreement *without* the zoning contingency, *after* the referendum had defeated the rezoning, and *after* the township had denied a use variance. The reasonableness of Pulte's investment and financial expectations is disputable. Moreover, the regulation applied over a large area of land and hardly can be said to single out plaintiffs to "bear the burden for the public good . . . ." *K & K Constr, Inc v Dep't of Environmental Quality*, 267 Mich App 523, 559 (2005).

If the zoning does not constitute a "taking," the question becomes whether the trial court overstepped its authority when it allowed the township board to enter into a consent judgment that superseded the referendum. The Michigan Zoning Enabling Act, MCL 125.3101 *et seq.* (formerly MCL 125.271 *et seq.* with regard to townships)*,* provides for the enactment and administration of zoning ordinances. The legislative body of a local government, through the recommendations of its *zoning commission*, has the authority to enact, amend, and enforce zoning ordinances. MCL 125.3211; MCL 125.3305. There is nothing in the act that clearly addresses whether a township board may unilaterally grant relief from a zoning ordinance, in particular after the same relief has earlier been reversed by referendum and a use variance has been denied. An amendment of a zoning ordinance is made in the same manner as the enactment of the original ordinance. MCL 125.3202. By entering the consent judgment, the trial court arguably allowed the township board to circumvent this statutory process.

The issue whether the trial court overstepped its authority in allowing a consent judgment to be entered without the involvement of the local zoning commission and to supersede a popular referendum raises an important separation of powers issue. The issue whether the current zoning classification constitutes a "taking" raises an equally important question concerning the standards that Michigan courts are prepared to apply in assessing seemingly ordinary local zoning decisions. For these reasons, I would grant leave to appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 28, 2008

p0325

Clerk